# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 14, 2006        Decided September 26, 2006

No. 05-5133

COLLEGE SPORTS COUNCIL, ET AL.,
APPELLANTS

v.

DEPARTMENT OF EDUCATION, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cv02588)

———

Before:   RANDOLPH and BROWN, *Circuit Judges*, and
EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

This cause was considered on the record from the United
States District Court for the District of Columbia, and was
briefed and argued by counsel.  It is

**ORDERED AND ADJUDGED** that the judgment of the District
Court be affirmed in part and reversed and remanded in part.

Title IX of the Education Amendments of 1972 prohibits
discrimination on the basis of sex in federally funded
educational programs and activities.  *See* Education
Amendments of 1972, Pub. L. No. 92-318, §§ 901-907, 86 Stat.

235, 373-75 (codified as amended at 20 U.S.C. §§ 1681-1688) ("Title IX"). Appellants seek reversal of the District Court's dismissal of various challenges to a Department of Education ("Department") Title IX policy interpretation. *Coll. Sports Council v. Dep't of Educ.*, 357 F. Supp. 2d 311 (D.D.C. 2005). Appellants claim that the policy interpretation, Policy Interpretation: Title IX and Intercollegiate Athletics, 44 Fed. Reg. 71,413 (Dec. 11, 1979) ("Three-Part Test"), and subsequent clarifications violate the Constitution, Title IX, and the Administrative Procedure Act ("APA").

We affirm the District Court's judgment that appellants lack standing for want of redressability with respect to their statutory and constitutional claims. Appellants' claims here mirror the claims raised by the plaintiffs in *National Wrestling Coaches Ass'n v. Department of Education*, 263 F. Supp. 2d 82 (D.D.C. 2003) ("*NWCA*"), *aff'd*, 366 F.3d 930 (D.C. Cir. 2004) ("*NWCA II*"), *reh'g denied*, 383 F.3d 1047 (D.C. Cir. 2004) ("*NWCA III*"). Indeed, five of the seven appellants in this case were claimants in *NWCA*. The District Court dismissed the statutory and constitutional claims in *NWCA* for want of jurisdiction, because the plaintiffs there could not satisfy the redressability prong of Article III standing. 263 F. Supp. 2d at 111-12. This court affirmed that judgment in *NWCA II*. *See* 366 F.3d at 937 ("Appellants offer nothing but speculation to substantiate their claim that a favorable decision from this court will redress their injuries . . . . Absent a showing of redressability, appellants have no standing to challenge the Department's enforcement policies, and we have no jurisdiction to consider their claims.").

There are no material differences between the complaint in *NWCA* and the complaint in this case with respect to appellants' statutory and constitutional claims. Therefore, the jurisdictional holding in *NWCA II* is *res judicata* here as to the five parties who appeared in *NWCA*. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983) ("[T]he doctrine of *res*

*judicata* applies to dismissal for lack of jurisdiction as well as for other grounds . . . .”). In addition, all parties here are bound by the *stare decisis* effect of this court’s decisions. The statutory and constitutional issues raised in this case have been conclusively settled by this court in *NWCA II* and *NWCA III*. These decisions are thus binding circuit precedent and dispositive of appellants’ current statutory and constitutional claims.

There is one notable difference between the instant case and the challenge raised in *NWCA*. In this case, appellant College Sports Council challenges the Department’s denial of its petition for rulemaking. *See* Petition To Repeal and Amend Guidance Issued Under 34 C.F.R. § 106.41(c) Concerning Equal Athletic Opportunity, College Sports Council (Jan. 10, 2003), Joint Appendix (“JA”) 12. The petition requested that the Department initiate a rulemaking to repeal the Three-Part Test and to clarify whether the Department’s regulations purported to create private rights of action. After the judgment had issued in *NWCA*, the Department denied appellant’s petition. *See* Letter from Rod Paige, Secretary of Education, to Eric Pearson, Chairman, College Sports Council (July 28, 2003), JA 19 (explaining the Department’s decision declining to initiate rulemaking).

“[R]efusals to institute rulemaking proceedings . . . are subject to a judicial check.” *Nat’l Customs Brokers & Forwarders Ass’n of Am., Inc. v. United States*, 883 F.2d 93, 96 (D.C. Cir. 1989). Such review is “extremely limited” and “highly deferential,” *id.*, and an agency’s decision not to initiate rulemaking will be overturned “only in the rarest and most compelling of circumstances,” *WWHT, Inc. v. FCC*, 656 F.2d 807, 818 (D.C. Cir. 1981). In this case, the District Court erroneously concluded that appellant College Sports Council lacked standing to seek judicial review of the Department’s denial of the petition to initiate rulemaking. The judgment in *NWCA II* is not *res judicata* as to this issue and we conclude that

the allegations of the complaint are sufficient to confer standing to bring this new claim. Because the District Court failed to consider appellant's challenge to the Department's refusal to institute rulemaking proceedings, we must remand the case for proper disposition of this issue. On remand, the District Court should address appellant's challenge pursuant to the standards of review enunciated in *National Customs Brokers* and *WWHT, Inc.*

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

Per Curiam
**FOR THE COURT:**
Mark J. Langer, Clerk